UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| *In re:* | * | Chapter 7 |
| Fred Waters Allnutt | * | Case No. 10-24504 |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### AFFIDAVID OF FRED W. ALLNUTT IN SUPPORT OF MOTION TO STAY PROCEEDING IN THIS CASE PENDING FINALITY OF DEBTOR'S APPEAL OF PREVIOUS BANKRUPTCY CASE

Comes now, Fred Allnutt, Debtor, pursuant to Rule 56, and files this Affidavit Of Fred W. Allnutt In Support Of Debtor's Motion To Stay Proceeding In This Case Pending Finality Of Appeal of Previous Bankruptcy Case # 08-26485:

1. My name is Fred W. Allnutt and I am the Debtor in the above captioned case.

2. I am executing this Affidavit in support of my Motion To Stay Proceeding In This Bankruptcy Case Pending Finality Of Appeal of Previous Bankruptcy Case # 08-26485.

3. This Affidavit is based on facts which I know personally to be true and correct.

4. It has only been alleged in Dkt. # 12[1], that the Chapter 7 Trustee, Michael G Rinn, filed a "Trustee's Report" on March 12, 2010.

5. The "Trustee's Report" is not in the Court Record.

6. The Trustee did not provide me a service copy of his "Trustee's Report."

7. By letters dated April 12, 2010, May 3, 2010, and May 17, 2010 (**Exhibits 1, 2, & 3 respectively**), I notified the Trustee that he had failed to provide me a service copy of his "Trustee's Report."

---

[1] All references to "Dkt #'s" in this Affidavit refer to the Docket numbers in Bankruptcy Case # 08-26485.

8. The Trustee never provided me a copy of his "Trustee's Report," which further evidences that no "Trustee's Report" exists.

9. I have never seen a copy of the "Trustee's Report."

10. On April 14, 2010, I filed a "Notice Of Error In Record And Request For The Record To Be Corrected" (Dkt. # 20) noticing the court that the report "Filed by Michael G. Rinn" was not filed under Docket #12 as the Docket Text claims. The court never issued a ruling on my Motion.

11. On May 4, 2010, I filed a Motion For Court To Supply Debtor With A Copy Of The Trustee's Report Or, In The Alternative, Order The Trustee To Provide Debtor A Copy (Dkt # 29 in case 08-24685). The court never issued a ruling on my Motion.

12. On March 25, 2010, the court issued a "Notice of Hearing (related document(s) 12 Trustee's Report of Debtor(s) Non-Compliance with Section 521 filed by Trustee, Michael G Rinn, 14 Objection filed by Debtor Fred Waters Allnutt). Hearing scheduled for 5/26/2010 at 02:00 PM at Courtroom 2-A, Baltimore - Judge Alquist. (Oliver, Y) (Entered: 03/25/2010)." (Dkt # 15).

13. On April 12, 2010, the court issued an "Order Dismissing Case because of failure to provide required tax documents to the Trustee and Notice that Automatic Stay is Terminated. (Sofinowski, C) (Entered: 04/12/2010)" (Dkt # 19), which Order was issued some 44 days prior to "The hearing scheduled for 5/26/2010" (Dkt # 15), and almost a year after the "Last day to oppose discharge" date of May 15, 2009, had expired.

14. This court denied me my constitutionally mandated hearing prior to dismissing my bankruptcy case based on an alleged and unsubstantiated claim that I failed to comply with § 521(e)(2)(A) of Title 11 U.S.C.

15. This Court's assertion that I failed to comply with § 521(e)(2)(A) of Title 11 U.S.C. stands unsupported by stipulated facts (facts verified by competent witnesses via testimony, affidavits, depositions or direct oral examination) in the record.

16. There is nothing in the court record to support the court's dismissal of my bankruptcy.

17. The "Trustee's Report," if it actually filed, was untimely.

18. On April 12, 2010, almost a year after the "Last day to oppose discharge" date of May 15, 2009, set by the court in its February 12, 2009 order (Dkt # 10), expired, and contrary to the expressed requirements of Rule 4004 (c)(1)(L), and without holding a fact-finding hearing, the court dismissed my bankruptcy based on a non-existent "Trustee's Report."

19. Rule 4004 is the controlling Rule for Granting or Denying a Discharge. Rule 4004(a) states that the time for filing a complaint objecting to discharge is fixed: "In a chapter 7 liquidation case a complaint objecting to a debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors under § 341(a)." Rule 4004(c)(1) states: "In a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge and the time fixed for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge unless:

    (1)    a motion to dismiss the case under § 707 is pending(4004(c)(1)(D));

    (2)    a motion to extend the time for filing a complaint objecting to the discharge is pending (4004(c)(1)(E));

    (3)    a motion to extend the time for filing a motion to dismiss the case under Rule 1017(e)(1) is pending (4004(c)(1)(F));

    (4)    a motion to delay or postpone discharge under § 727(a)(12) is pending (4004(c)(1)(I));

    (5)    a motion is pending to delay discharge, because the debtor has not filed with the court all tax documents required to be filed under § 521(f) (4004(c)(1)(L)).

20. No complaint, or motion, objecting to discharge was filed or pending within the "60 days following the first date set for the meeting of creditors under § 341(a)," nor thereafter.

21. The court did not provide me a constitutionally required hearing so I could conclusively show that any alleged claim that I failed to comply with § 521(e)(2)(A) of Title 11 U.S.C., if one was made, was erroneous.

22. As stated supra (P, 15), the court scheduled a hearing (Dkt. # 15for May 26, 2010, to consider the "Trustee's Report of Debtor's Non-Compliance with section 521 filed by Trustee Michael B. Rinn" (Dkt # 12), and my "Objection filed by Debtor Fred Waters Allnutt."

23. On April 12, 2010, some 44 days prior the scheduled hearing, the court, without a hearing, arbitrarily dismissed my bankruptcy (Dkt. # 19).

24. The court did not issue findings of facts and conclusions of law to support its arbitrary dismissal of my bankruptcy.

25. The court's Order Dismissing my bankruptcy stands unsupported by any stipulated or verified facts in the court record.

26. The court's Order Dismissing my Case stands unsupported by any affirmative law appearing in the record.

27. The court's issuance of an Order Dismissing my Bankruptcy Case prior to holding a hearing to determine the legitimacy of the alleged claim that I failed to comply with § 521(e)(2)(A) of Title 11 U.S.C., a claim allegedly made in a non-existent "Trustee's Report," denied me my procedural due process rights.

28. Had a hearing been held, it would have resolved that I had complied with § 521(e)(2)(A) of Title 11 U.S.C.

29. I complied with 521(e)(2)(A) of Title 11 U.S.C.

_____
Fred W. Allnutt
10370 Baltimore National Pike
Ellicott City, Maryland  21042
(410-984-6476)

I swear and affirm under penalties of perjury pursuant to Title 28 U.S.C. § 1746 that the forgoing is true and correct upon personal knowledge, and that each document attached as an Exhibit to this document is a true test copy of the original sent by me to the recipient.

_____
Fred W. Allnutt

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of July 2010, I served copies of this document by first class mail on Marsden S. Furlow, P.O. Box 829, Arnold, Maryland 21012; Internal Revenue Service, Fallon Federal Building, 31 Hopkins Plaza, Baltimore, Maryland 21201; Chase Card Services, Account Inquires, P.O. Box 15298, Wilmington, Delaware 19850-5298; and, Mark J. Friedman, DLA Piper LLP (US), The Marbury Building, 6225 Smith Avenue, Baltimore, Maryland 21209.

_____
Fred W. Allnutt