IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| FRED W. ALLNUTT | * | Chapter 7<br>Case No. 10-24504-NVA |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

TRUSTEE'S RESPONSE TO DEBTOR'S MOTION FOR COURT TO ISSUE
AN ORDER STAYING PROCEEDINGS IN THIS BANKRUPTCY CASE PENDING
FINALITY OF DEBTOR'S APPEAL OF PREVIOUS BANKRUPTCY CASE

Mark J. Friedman, Chapter 7 trustee for the bankruptcy estate of Fred W. Allnutt (the "Trustee"), responds to the Debtor's *Motion for Court to Issue an Order Staying Proceedings in this Bankruptcy Case Pending Finality of Debtor's Appeal of Previous Bankruptcy Case* (the "Motion") [Pld. 21]. The Debtor's Motion is most unorthodox and appears to be (although not referenced in the Motion) a request for this Court essentially to suspend the bankruptcy case as may be permissible under Section 305 of the Bankruptcy Code.

In certain circumstances, a bankruptcy case filed simply to effect a litigation stay is considered to be filed in "bad faith". Here, the stay is sought pending the appeal of the dismissal just a few months ago of a previous Chapter 7 bankruptcy case.

The Trustee is not sufficiently familiar with the dismissed Chapter 7 bankruptcy case to determine fully the extent to which the Debtor may not have been in compliance with his obligations under Section 521 of the Bankruptcy Code. Moreover, the Motion does not make clear the extent to which the Debtor may be prejudiced if he is directed to comply with his duties under Section 521 of the Bankruptcy Code with respect to the pending bankruptcy case or in fact whether grounds may exist for dismissal of the pending bankruptcy case. Further, without the

ability to examine the Debtor and relevant information, neither the Debtor's objective or the results of a Chapter 7 bankruptcy case for the Debtor are entirely clear to the Trustee.

The Trustee is troubled by a debtor receiving the benefit of the automatic stay under Section 362 of the Bankruptcy Code but yet not needing, or being required to, fulfill obligations under Section 521 of the Bankruptcy Code.

The Trustee wishes to make these observations to assist this Court in consideration of the Motion rather than simply to take a position on the Motion itself.

If in fact, the application of automatic stay is precluding enforcement of a wage garnishment by the Internal Revenue Service or such other taxing authority (as tax disputes appear to be the primary origin of the Debtor's difficulties) it may be relevant to consider if the Internal Revenue Service or such other taxing authority has any position on the Motion.

DATE: July 27, 2010                                  /s/ Mark J. Friedman
                                                     Mark J. Friedman, Esquire (00102)
                                                     DLA Piper LLP (US)
                                                     6225 Smith Avenue
                                                     Baltimore, Maryland 21209
                                                     Telephone: (410) 580-3000
                                                     Facsimile: (410) 580-3001
                                                     E-Mail: mark.friedman@dlapiper.com

                                                     Attorneys for the Chapter 7 Trustee

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 27th day of July, 2010, a copy of the foregoing *Trustee's Response To Debtor's Motion For Court To Issue An Order Staying Proceedings In This Bankruptcy Case Pending Finality Of Debtor's Appeal Of Previous Bankruptcy Case* was sent electronically through CM/ECF system or by first-class mail, postage prepaid to the following:

>Mark Neal, Esquire
>Assistant U.S. Trustee
>Office of the U.S. Trustee
>101 West Lombard St., Suite 2625
>Baltimore, Maryland 21201
>
>Fred Waters Allnutt
>10370 Baltimore National Pike
>Ellicott City, Maryland 21042

/s/ Mark J. Friedman
Mark J. Friedman