LAW OFFICES
# MICHAEL G. RINN
SUITE 4
III WARREN ROAD
COCKEYSVILLE, MARYLAND 21030-4360

FACSIMILE
(410) 683-1044

TELEPHONE
(410) 683-1040

August 30, 2010

**PERSONAL & CONFIDENTIAL**
Mr. Fred Waters Allnutt
10370 Baltimore National Pike
Ellicott City, MD 21042

        Re: Fred Waters Allnutt
        Bankruptcy Case No. 10-24504

**REQUEST FOR 11 U.S.C. §521 COMPLIANCE DOCUMENTS**

Dear Mr. Allnut:

      As you are aware I have been appointed successor, interim Chapter 7 Trustee in the above captioned matter. In order to accurately and completely respond to anticipated questions and issues in this matter and to establish your compliance with the provisions of 11 U.S.C. §521 (an extracted copy of which is attached), it is formally requested that you provide to us, or before September 3, 2010, being a date not later than 7 days before the date set for the meeting of creditors, each of the documents or items of information as reflected by a "✓" mark:

    ✓  1.    Checking Accounts - <u>Original</u> Canceled checks and checking statements, including all check stubs, bank statements, check registers, or check books for the **twelve (12) month** period prior to the date of filing, the month of filing the present bankruptcy petition and **one (1) month** post-petition.

    ✓  2.(A)  Tax Return - a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed; and

    ✓  2.(B)  Copies of federal and state income tax returns for the last two calendar years, including all schedules filed with same.

Mr. Fred Waters Allnutt
August 30, 2010
Page 2

✓   3.   Payment advices - copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor.

✓   4.   Savings Accounts - Passbooks and financial statements for all savings or investment accounts in existence on the date of filing of the bankruptcy petition, in which the Debtor(s) had an interest or signatory authority, and for any account that may have been closed within one year prior to filing.

✓   5.   Real Estate - copies of deeds and mortgage documents, including a payment book or statement from the lender showing the present outstanding balance on all loans relating to any real property owned by you individually or jointly with others.

✓   6.   Loans - List all repayments of loans or debts totaling more than $600.00 made during:

    ✓   a.   Ninety (90) Days immediately preceding filing (list date, amount, and name of recipient); and
    ✓   b.   One year preceding filing (list date, amount, and name of recipient) if made to a family member or relative.

✓   7.   OTHER: The following information or Documents:

    ✓   Schedule J - schedule of current monthly expenditures.

**NOTE:** Failure to provide (i) a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed; and (ii) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor; all on or before September 3, 2010, shall result in the Trustee filing a Trustee's Report of Debtor(s) Non-Compliance with Section 521.



Michael G. Rinn, Esquire

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this __30th__ day of __August, 2010,__ a copy of the foregoing REQUEST FOR 11 U.S.C. §521 COMPLIANCE DOCUMENTS was served electronically upon those parties on the Court's ECF service list in this matter and were mailed, first class mail, postage prepaid to:

Mr. Fred Waters Allnutt
10370 Baltimore National Pike
Ellicott City, MD 21042

            _____
            Michael G. Rinn, Esquire

**Cornell University Law School**

Search Law School   Search

LII / Legal Information Institute

home   search   find a lawyer



**U.S. Code**
main page   faq   index   search

TITLE 11 > CHAPTER 5 > SUBCHAPTER II > § 521

## § 521. Debtor's duties

(a) The debtor shall—

  (1) file—

    (A) a list of creditors; and

    (B) unless the court orders otherwise—

      (i) a schedule of assets and liabilities;

      (ii) a schedule of current income and current expenditures;

      (iii) a statement of the debtor's financial affairs and, if section 342 (b) applies, a certificate—

        (I) of an attorney whose name is indicated on the petition as the attorney for the debtor, or a bankruptcy petition preparer signing the petition under section 110 (b)(1), indicating that such attorney or the bankruptcy petition preparer delivered to the debtor the notice required by section 342 (b); or

        (II) if no attorney is so indicated, and no bankruptcy petition preparer signed the petition, of the debtor that such notice was received and read by the debtor;

      (iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor;

      (v) a statement of the amount of monthly net income, itemized to show how the amount is calculated; and

      (vi) a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition;

  (2) if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate—

    (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the mee[ting] of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor sh[all] file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor inten[ds] to reaffirm debts secured by such property;

    (B) within 30 days after the first date set for the meeting of creditors under section 341 (a), or within such additional time a[s] the court, for cause, within such 30-day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and

    (C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title, except as provided in section 362 (h);

  (3) if a trustee is serving in the case or an auditor serving under section 586 (f) of title 28, cooperate with the trustee as necessary [to] enable the trustee to perform the trustee's duties under this title;

  (4) if a trustee is serving in the case or an auditor serving under section 586 (f) of title 28, surrender to the trustee all property of [the] estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether [or] not immunity is granted under section 344 of this title;

  (5) appear at the hearing required under section 524 (d) of this title;

  (6) in a case under chapter 7 of this title in which the debtor is an individual, not retain possession of personal property as to which [a] creditor has an allowed claim for the purchase price secured in whole or in part by an interest in such personal property unless the

debtor, not later than 45 days after the first meeting of creditors under section 341 (a), either—

    **(A)** enters into an agreement with the creditor pursuant to section 524 (c) with respect to the claim secured by such property or

    **(B)** redeems such property from the security interest pursuant to section 722; and

**(7)** unless a trustee is serving in the case, continue to perform the obligations required of the administrator (as defined in section 3 the Employee Retirement Income Security Act of 1974) of an employee benefit plan if at the time of the commencement of the case debtor (or any entity designated by the debtor) served as such administrator.

If the debtor fails to so act within the 45-day period referred to in paragraph (6), the stay under section 362 (a) is terminated with respect the personal property of the estate or of the debtor which is affected, such property shall no longer be property of the estate, and the credi may take whatever action as to such property as is permitted by applicable nonbankruptcy law, unless the court determines on the motion the trustee filed before the expiration of such 45-day period, and after notice and a hearing, that such property is of consequential value or benefit to the estate, orders appropriate adequate protection of the creditor's interest, and orders the debtor to deliver any collateral in the debtor's possession to the trustee.

**(b)** In addition to the requirements under subsection (a), a debtor who is an individual shall file with the court—

    **(1)** a certificate from the approved nonprofit budget and credit counseling agency that provided the debtor services under section (h) describing the services provided to the debtor; and

    **(2)** a copy of the debt repayment plan, if any, developed under section 109 (h) through the approved nonprofit budget and credit counseling agency referred to in paragraph (1).

**(c)** In addition to meeting the requirements under subsection (a), a debtor shall file with the court a record of any interest that a debtor h an education individual retirement account (as defined in section 530(b)(1) of the Internal Revenue Code of 1986) or under a qualified Stat tuition program (as defined in section 529(b)(1) of such Code).

**(d)** If the debtor fails timely to take the action specified in subsection (a)(6) of this section, or in paragraphs (1) and (2) of section 362 (h with respect to property which a lessor or bailor owns and has leased, rented, or bailed to the debtor or as to which a creditor holds a secu interest not otherwise voidable under section 522 (f), 544, 545, 547, 548, or 549, nothing in this title shall prevent or limit the operation of provision in the underlying lease or agreement that has the effect of placing the debtor in default under such lease or agreement by reason the occurrence, pendency, or existence of a proceeding under this title or the insolvency of the debtor. Nothing in this subsection shall be deemed to justify limiting such a provision in any other circumstance.

**(e)**

    **(1)** If the debtor in a case under chapter 7 or 13 is an individual and if a creditor files with the court at any time a request to receiv copy of the petition, schedules, and statement of financial affairs filed by the debtor, then the court shall make such petition, such schedules, and such statement available to such creditor.

    **(2)**

        **(A)** The debtor shall provide—

            **(i)** not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal Income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the mo recent tax year ending immediately before the commencement of the case and for which a Federal income tax return w filed; and

            **(ii)** at the same time the debtor complies with clause (i), a copy of such return (or if elected under clause (i), such transcript) to any creditor that timely requests such copy.

        **(B)** If the debtor fails to comply with clause (i) or (ii) of subparagraph (A), the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor.

        **(C)** If a creditor requests a copy of such tax return or such transcript and if the debtor fails to provide a copy of such tax retu or such transcript to such creditor at the time the debtor provides such tax return or such transcript to the trustee, then the co shall dismiss the case unless the debtor demonstrates that the failure to provide a copy of such tax return or such transcript is due to circumstances beyond the control of the debtor.

    **(3)** If a creditor in a case under chapter 13 files with the court at any time a request to receive a copy of the plan filed by the debto then the court shall make available to such creditor a copy of the plan—

        **(A)** at a reasonable cost; and

        **(B)** not later than 7 days after such request is filed.

**(f)** At the request of the court, the United States trustee, or any party in interest in a case under chapter 7, 11, or 13, a debtor who is an

individual shall file with the court—

(1) at the same time filed with the taxing authority, a copy of each Federal income tax return required under applicable law (or at election of the debtor, a transcript of such tax return) with respect to each tax year of the debtor ending while the case is pending ur such chapter;

(2) at the same time filed with the taxing authority, each Federal income tax return required under applicable law (or at the electi the debtor, a transcript of such tax return) that had not been filed with such authority as of the date of the commencement of the ca and that was subsequently filed for any tax year of the debtor ending in the 3-year period ending on the date of the commencement the case;

(3) a copy of each amendment to any Federal income tax return or transcript filed with the court under paragraph (1) or (2); and

(4) in a case under chapter 13—

(A) on the date that is either 90 days after the end of such tax year or 1 year after the date of the commencement of the ca: whichever is later, if a plan is not confirmed before such later date; and

(B) annually after the plan is confirmed and until the case is closed, not later than the date that is 45 days before the anniversary of the confirmation of the plan;

a statement, under penalty of perjury, of the income and expenditures of the debtor during the tax year of the debtor most recently concluded before such statement is filed under this paragraph, and of the monthly income of the debtor, that shows how income, expenditures, and monthly income are calculated.

(g)

(1) A statement referred to in subsection (f)(4) shall disclose—

(A) the amount and sources of the income of the debtor;

(B) the identity of any person responsible with the debtor for the support of any dependent of the debtor; and

(C) the identity of any person who contributed, and the amount contributed, to the household in which the debtor resides.

(2) The tax returns, amendments, and statement of income and expenditures described in subsections (e)(2)(A) and (f) shall be available to the United States trustee (or the bankruptcy administrator, if any), the trustee, and any party in interest for inspection copying, subject to the requirements of section 315(c) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

(h) If requested by the United States trustee or by the trustee, the debtor shall provide—

(1) a document that establishes the identity of the debtor, including a driver's license, passport, or other document that contains a photograph of the debtor; or

(2) such other personal identifying information relating to the debtor that establishes the identity of the debtor.

(i)

(1) Subject to paragraphs (2) and (4) and notwithstanding section 707 (a), if an individual debtor in a voluntary case under chapter or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.

(2) Subject to paragraph (4) and with respect to a case described in paragraph (1), any party in interest may request the court to enter an order dismissing the case. If requested, the court shall enter an order of dismissal not later than 7 days after such request.

(3) Subject to paragraph (4) and upon request of the debtor made within 45 days after the date of the filing of the petition describ paragraph (1), the court may allow the debtor an additional period of not to exceed 45 days to file the information required under subsection (a)(1) if the court finds justification for extending the period for the filing.

(4) Notwithstanding any other provision of this subsection, on the motion of the trustee filed before the expiration of the applicable period of time specified in paragraph (1), (2), or (3), and after notice and a hearing, the court may decline to dismiss the case if the court finds that the debtor attempted in good faith to file all the information required by subsection (a)(1)(B)(iv) and that the best interests of creditors would be served by administration of the case.

(j)

(1) Notwithstanding any other provision of this title, if the debtor fails to file a tax return that becomes due after the commenceme of the case or to properly obtain an extension of the due date for filing such return, the taxing authority may request that the court enter an order converting or dismissing the case.

(2) If the debtor does not file the required return or obtain the extension referred to in paragraph (1) within 90 days after a reques filed by the taxing authority under that paragraph, the court shall convert or dismiss the case, whichever is in the best interests of creditors and the estate.

**How Bankruptcy Helps**

Learn How You May Eliminate Debt. Free Case Evaluation By Lawyer.
www.TotalBankruptcy.com

**Ask A Lawyer Online.**
Get an Answer ASAP!

Donations cover only 20% of our costs.

Ads by Google

**Types Of Bankruptcy**
What Bankruptcy Chapter Should You Pursue? Free Information And Review
www.Bankruptcy.me

**Chapter 13 Bankruptcy**
Behind on Payments? Chapter 13 May Prevent Foreclosure, Free Review.
www.TotalBankruptcy.com

**Chapter 7 Means Test**
Do You Qualify For Chapter 7 Bankruptcy? Free Info & Review!
www.Chapter7.me

LII has no control over and does not endorse any external Internet site that contains links to or references LII.


Study law at Cornell Paris In

about us    sitemap    help    terms of use    friend us    follow us    contact us